IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLAF PETER JUDA,<br><br>Defendant.<br>_____/ | No. CR 91-0324 WHA<br>C   96-2050 WHA<br><br>**ORDER DENYING SECTION 2255 MOTION** |

**INTRODUCTION**

In this drug-smuggling case, applicant Olaf Peter Juda has moved to "dismiss the . . . [i]ndictment for lack of subject matter jurisdiction." His motion is a successive motion under 28 U.S.C. 2255, which governs efforts to vacate, set aside or amend sentences in federal criminal cases. The Ninth Circuit did not grant Mr. Juda the certification required to file such a motion. The motion is therefore **DENIED**.

**STATEMENT**

Applicant pleaded guilty in 1993 to violating the Maritime Drug Law Enforcement Act of 1986 (46 App. U.S.C. 1903(a), (j)) and committing arson on the high seas (18 U.S.C. 81). He was captain of a ship transporting hashish and helped to torch the vessel when federal agents tried to come aboard. The Ninth Circuit affirmed his conviction. *United States v. Juda*, 46 F.3d 931 (9th Cir. 1995). Applicant is serving his prison term.

The district court first denied one of Mr. Juda's Section 2255 motions May 21, 1996. On July 19, 1996, another such motion was denied. The district court denied a third Section

1  2255 motion May 1, 1997.  A fourth Section 2255 motion was denied March 22, 2001 (*see*
2  Docket for CR 91-324).  Throughout these filings, applicant repeatedly made jurisdictional
3  challenges to the judgment against him.  On January 21, 2005, the Ninth Circuit turned down
4  Mr. Juda's most recent application to file a successive Section 2255 motion.  Order, *Juda v.*
5  *United States*, No. 05-70045 (9th Cir. Jan. 21, 2005).

## ANALYSIS

A district court cannot consider a second or successive motion to vacate, set aside or correct a sentence unless the court of appeals authorizes the motion.  28 U.S.C. 2244, 2255.

The Ninth Circuit did not authorize the instant motion, which follows other Section 2255 motions.  This Court therefore cannot consider it if it is a motion to vacate, set aside or correct Mr. Juda's sentence pursuant to Section 2255.  The first task is therefore to determine if the instant motion is, in fact, a Section 2255 application.

A Section 2255 motion is one brought by a prisoner in custody pursuant to a sentence of a court established by Congress (i.e., all federal courts other than the Supreme Court).  Such a motion is one that claims that the prisoner must be released on one or more of these grounds: (1) the sentence was imposed in violation of the Constitution or a federal law, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was more than the maximum authorized by law and (4) the sentence is "otherwise subject to collateral attack."

Mr. Juda styles his motion as one to dismiss his indictment.  He claims to bring it under Federal Rule of Civil Procedure 60(b)(4) (Br. 1).  The content of the motion, however, not its label, governs how it must be treated.  *See Ortiz v. Stewart*, 195 F.3d 520, 520 (9th Cir. 1999) (treating "Rule 60(b)" motion as Section 2254 petition, due to its content).  *Pro se* applicants for Section 2255 relief who style their first motion as some other type of filing must be given notice, warning of the limits on "second or successive" habeas petitions and an opportunity to amend or withdraw the motion before the court rules on it as a Section 2255 motion.  *Castro v. United States*, 540 U.S. 375, 377 (2003).  This requirement does not apply, however, to applicants who have already had a first Section 2255 motion decided, such as Mr. Juda.

1    This order construes the instant motion as broadly as is reasonable, given that it was
2    filed by a prisoner acting *pro se*. In this light, the motion claims several things. First, applicant
3    contends that the United States did not have Article III standing to indict him under the
4    Maritime Drug Law Enforcement Act because it does not have a sufficient interest in whatever
5    injury was caused by Mr. Juda. The district court, he argues, therefore did not have jurisdiction
6    over the case. Second, the motion alleges that the statute was facially unconstitutional because
7    it did not require, as an element of the criminal violation, nexus between the United States, on
8    the one hand, and the defendant or his or her acts, on the other side. Without such an element,
9    applicant argues, the United States had no standing under the Act. Third, applicant argues that
10   no facts were demonstrated that would confer statutory jurisdiction over the arson-on-the-high-
11   seas allegation. Fourth, he alleges that the United States cannot claim to have suffered injury in
12   fact sufficient to give it standing under Article III to bring the arson charge. Fifth, he claims
13   that the United States cannot achieve third-party prudential standing to bring the prosecution.

14   All these are bases for a Section 2255 motion. He claims that his sentence was imposed
15   in violation of the Constitution, a federal statute, and prudential standing rules dictated by the
16   Supreme Court. He claims the court lacked jurisdiction to impose the sentence. All of these
17   grounds go the merits of his underlying conviction and are listed in Section 2255 as appropriate
18   ones for relief under that statute.

19   Although Mr. Juda styles his motion as one to dismiss the indictment, it is properly
20   construed as a Section 2255 motion to vacate, set aside or amend the sentence imposed upon
21   him as a result of his guilty plea. *See Hillerbrand v. United States*, 261 F.2d 354, 357 (9th Cir.
22   1958) (treating allegations that indictment did not confer federal jurisdiction as a motion to
23   vacate the sentence imposed upon guilty plea).

24   This motion was not properly brought under Federal Rule of Civil Procedure 60(b)(4)
25   because that rule does not apply to Mr. Juda's motion. Under the rules governing Section 2255
26   motions, the Federal Rules of Civil Procedure do not apply when they are inconsistent with a
27   statute. Rule 12, Rules Governing Section 2255 Proceedings. Rule 60(b)(4) is inconsistent
28   with Section 2255 in the context of the instant motion. Rule 60(b)(4) allows a court to relieve a

party from a final judgment, order, or proceeding if the judgment is void. It does not require certification by the court of appeals. Allowing Mr. Juda to bring the instant motion under Rule 60 would be inconsistent with Section 2255 because it would allow him to escape the statutory certification requirement. Rule 60(b)(4) therefore does not apply here. Applicant cites *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), in an attempt to burnish his argument that a Rule 60(b)(4) motion is proper. *Gonzalez*, however, applied to Section 2254 state habeas cases but not to federal Section 2255 motions. Furthermore, the Supreme Court held that, even for Section 2254 proceedings, a Rule 60 motion could be brought only to challenge "some defect in the integrity of the federal habeas proceedings," not "the substance of the federal court's resolution of a claim on the merits." In the instant case, applicant does not allege any defect particular to his previous habeas proceedings but instead a problem with the underlying judgment. *Id.* at 2646 & n.3, 2648.

**CONCLUSION**

Mr. Juda's motion is one made under Section 2255 to vacate, set aside or amend his sentence. He did not receive permission from the Ninth Circuit to file the motion. Being unauthorized, the motion therefore is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 22, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4