IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

OLAF PETER JUDA,

    Defendant.
                                    /

No. CR 91-0324 WHA
C     96-2050 WHA

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

## INTRODUCTION

In this drug-smuggling case, applicant Olaf Peter Juda has requested a certificate of appealability. He wants to challenge this Court's denial of his most recent motion. He styled that motion as one to dismiss his indictment pursuant to Federal Rule of Civil Procedure 60(b)(4). This Court found instead that it was a successive motion under 28 U.S.C. 2255, which governs efforts to vacate, set aside or amend sentences in federal criminal cases. The Court of Appeals had not given him the requisite permission to file a successive Section 2255 motion. For that reason alone, this Court denied the motion. It is possible that a reasonable jurist could have held that, in this particular case, his motion was indeed a Rule 60(b)(4) motion. The request for a certificate therefore is **GRANTED**.

## STATEMENT

Applicant pleaded guilty in 1993 to violating the Maritime Drug Law Enforcement Act of 1986 (46 App. U.S.C. 1903(a), (j)) and committing arson on the high seas (18 U.S.C. 81).

1  He was captain of a ship transporting hashish and helped to torch the vessel when federal agents
2  tried to come aboard.

3  The district court denied two of Mr. Juda's Section 2255 in 1996. It denied another in
4  1997. A fourth was rejected in 2001 (*see* Docket for CR 91-324). On January 21, 2005, the
5  Ninth Circuit turned down Mr. Juda's most recent application to file a successive Section 2255
6  motion. Order, *Juda v. United States*, No. 05-70045 (9th Cir. Jan. 21, 2005).

7  Mr. Juda's most recent motion, filed August 17, 2005, claimed several things. First, he
8  contended that the United States did not have Article III standing to indict him under the
9  Maritime Drug Law Enforcement Act because it did not have a sufficient interest in whatever
10 injury was caused by Mr. Juda. The district court, he argued, therefore did not have jurisdiction
11 over the case. Second, the motion alleged that the statute was facially unconstitutional because
12 it did not require, as an element of the criminal violation, nexus between the United States, on
13 the one hand, and the defendant or his or her acts, on the other side. Without such an element,
14 applicant argued, the United States had no standing under the Act. Third, applicant argued that
15 no facts were demonstrated that would confer statutory jurisdiction over the arson-on-the-high-
16 seas allegation. Fourth, he alleged that the United States cannot claim to have suffered injury in
17 fact sufficient to give it standing under Article III to bring the arson charge. Fifth, he claimed
18 that the United States cannot achieve third-party prudential standing to bring the prosecution.

19 The Court denied that motion, construing it as Mr. Juda's *fifth* Section 2255 motion. On
20 January 23, 2006, he requested a certificate of appealability.

**ANALYSIS**

22 A district court judge may grant a certificate of appealability "only if the applicant has
23 made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). The
24 certificate is granted if the petitioner demonstrates "that the issues are debatable among jurists
25 of reason; that a court could resolve the issues [in a different manner]; *or* that the questions are
26 adequate to deserve encouragement to proceed further." Any doubt is resolved in the
27 petitioner's favor. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citations
28 omitted).

2

"In most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b) . . . the Rule 60(b) motion should be treated as a successive habeas petition. . . . [But] a bright line rule equating all Rule 60(b) motions with successive habeas petitions would be improper." *Thompson v. Calderon*, 151 F.3d 918, 921 & n.3 (9th Cir. 1998). Although *Thompson* concerned a successive petition of a *state* judgment under Section 2244, rather than a federal sentence under Section 2255, the reasoning applies to both contexts because the two statutes are functionally identical. *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (holding that Section 2244(b) requirements must be met for successive Section 2255 motions). Given *Thompson* and the differing facts in the instant case, a reasonable jurist might be able to disagree with the denial of Mr. Juda's most recent motion.

**CONCLUSION**

For the reasons stated above, the certificate of appealability is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 31, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE