IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>OLAF PETER JUDA,<br><br>    Defendant.<br>                                     / | No. CR 91-0324 WHA<br>    C    96-2050 WHA<br><br>**ORDER GRANTING PERMISSION TO PROCEED *IN FORMA PAUPERIS* AND DENYING REQUEST TO APPOINT COUNSEL** |

**INTRODUCTION**

Applicant Olaf Peter Juda seeks to pursue his appeal *in forma pauperis* in his appeal of this Court's denial of his motion to vacate the sentence under 28 U.S.C. 2255. Having reviewed his application, including the inmate trust-account statement attached thereto, this order finds that Mr. Juda is indigent. His motion to proceed *in forma pauperis* is **GRANTED**. Mr. Juda also moves for appointment of counsel. He has not advanced a good reason to appoint counsel, so that request is **DENIED**.

**STATEMENT**

Applicant's total deposits to his prison account, from inmate payroll and an inmate pay adjustment, from February 23, 2005, through February 7, 2006, were $464.60 (Taft Correctional

Inst. Indiv. Account Rep't for Olaf Juda, Feb. 7, 2006).[1]  The average monthly deposits to the prisoner's account were therefore $40.40 ($464.60 ÷ 11.5 mos.).

**ANALYSIS**

The Court must assess an initial filing fee for cases filed by indigent prisoners of 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the notice of appeal.  28 U.S.C. 1915(b)(1).

In the instant case, that amounts to $8.08.  If applicant does not have the full amount, he must pay whatever he has.  After this payment, he is required to make monthly payments of twenty percent of the preceding month's income credited to his account.  The California Department of Corrections and Rehabilitation must forward payments from his account to the Clerk each time the amount in the account exceeds $10 until the full amount of the appeal fee, $255, is paid.  *See* Section 1915(b)(2).

The U.S. Marshal for the Northern District of California shall issue and serve all process and perform all other required duties.  A copy of this order must be served on petitioner and respondent.  *See* Section 1915(d).

This order now turns to applicant's request that this Court appoint him counsel.  All appointments of attorneys for people bringing Section 2255 motions and related appeals are governed by 18 U.S.C. 3006A.  28 U.S.C. 2255 ¶ 7.  A court may appoint counsel for financially eligible Section 2255 movants whenever it "determines that the interests of justice so require . . . ."  Section 3006A(2)(B); Gen. Order No. 2 at 3 (implementing Section 3006A.

Normally, whether or not to appoint counsel in Section 2255 motions and appeals is a matter left to the judge's discretion.  The Ninth Circuit held that it was an abuse of discretion for a district court to fail to appoint an attorney in a Section 2255 proceeding that involved triable issues of fact that would require a lawyer's skills for adequate presentation.  *Dillon v. United States*, 307 F.2d 445, 446–48 (9th Cir. 1962).  This rule was later narrowed.  Now, the

---

[*] This figure does not include the two other types of credits to the prisoner's account:  commissary credits and a correction for a wrong amount withdrawn. Those types of credits may be mere accounting corrections, as opposed to true deposits reflecting income.

2

only way a judge abuses his or her discretion by failing to appoint counsel for habeas petitioner is when an evidentiary hearing was held or should have been held. *Knaubert v. Goldsmith*, 791 F.2d 722, 729–30 (9th Cir. 1986)

Appointment whenever there is an evidentiary hearing also is statutorily mandated by Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Court. This rule overlaps with a Section 2255 movant's Fifth Amendment due-process right to appointment of counsel. Whenever a evidentiary hearing was held or should have been held and no counsel was appointment, the petitioner's due-process rights were violated. *Knaubert*, 791 F.2d at 729–30.[2]

No counsel need be appointed for a habeas appellant when the appeal is frivolous. *Edwards v. United States*, 286 F.2d 704, 706 (9th Cir. 1961); *In re Dinerstein*, 258 F.2d 609, 611–12 (9th Cir. 1958).

In the instant case, the case is at the appellate stage, so there is no question of an evidentiary hearing. Therefore, Mr. Juda has no right to counsel, nor would it be an abuse of discretion to deny the requested appointment. This Court held that Mr. Juda filed a successive Section 2255 motion without the requisite approval of the Court of Appeals. Although the Court granted him a certificate of appealability, that action indicated only that a reasonable jurist conceivably could find in his favor. The odds of Mr. Juda's success, however, are not good. It therefore would be an unwise use of government resources to pay an attorney for him. For these reasons, the interests of justice and therefore 18 U.S.C. 3006A(2)(B) do not require appointment of counsel.

Mr. Juda argues that this Court should appoint counsel because his appeal presents an issue of first impression: whether a Rule 60(b) motion can be used in a habeas proceeding to challenge the underlying conviction. He is incorrect. It does not present an issue of first impression. In *Thompson v. Calderon*, 151 F.3d 918 (9th Cir. 1998), the Ninth Circuit addressed an almost identical situation. A person in custody pursuant to a state-court judgment

---

[2] Although *Knaubert* involved a Section 2254 hearing, appointment of counsel for both Section 2254 and Section 2255 motions are both governed by the same statute, 18 U.S.C. 3006A(2)(B).

3

tried to use a Rule 60(b) motion to challenge, in habeas proceedings, the underlying criminal conviction. The court treated the motion as a request to file a successive petition. *Id.* at 921. This Court's holding conformed to *Thompson*. A certificate of appealability was granted only because the Ninth Circuit stated that "a bright line rule equating all Rule 60(b) motions with successive habeas petitions would be improper." *Id.* at 921 & n.3.

## CONCLUSION

Applicant is **GRANTED PERMISSION TO PROCEED *IN FORMA PAUPERIS***. He is **ASSESSED AN INITIAL FILING FEE OF $8.08**. He is **ORDERED TO MAKE MONTHLY PAYMENTS** of twenty percent of the preceding month's income credited to his account. The California Department of Corrections and Rehabilitation **MUST FORWARD PAYMENTS FROM HIS ACCOUNT TO THE CLERK** each time the amount in the account exceeds $10 until the full amount of the appeal fee, $255, is paid. The U.S. Marshal for the Northern District of California shall **ISSUE AND SERVE ALL PROCESS** and perform all other required duties. **THE CLERK SHALL SERVE A COPY OF THIS ORDER ON PETITIONER AND RESPONDENT**. The request to appoint counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 28, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4