IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>OLAF PETER JUDA,<br><br>    Defendant.<br>                                                / | No. CR 91-0324 WHA<br>No. C 96-02050 CAL<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR COSTS AND DENYING REQUEST TO MODIFY TERMS OF SUPERVISED RELEASE** |

     Although the property of petitioner Olaf Peter Judah was returned to him subsequent to his Federal Rule of Criminal Procedure 41(g) motion, he also requested in his letter of July 21 that the government pay for certain costs that he incurred before the return of his property. An order filed on August 10, 2010, requested a brief from petitioner, specifying the costs he seeks to recover and the legal authority pursuant to which he can recover them.

     Petitioner responded on August 19. His costs amount to the 35 dollars he paid with a passport application before the return of his property. He also states, however, that "no direct authority for the granting of compensation was found other than 28 USC § 1651, the ALL WRITS ACT." This does not provide authority for the Court to grant relief to petitioner in a case that has been closed since September 2, 1994. His request for relief is **DENIED**.

     Petitioner also filed a motion styled "motion to clarify terms of supervised release" on August 18. Petitioner seems to argue that this Court should order that the "discretionary" terms of his supervised release not apply. He distinguishes the "mandatory" terms of his supervised release, which he does not contest. He does not specify which discretionary provisions he moves to strike, and he does not argue that he did not receive notice of the terms of supervised release upon his release.

"The court may . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. 3583(e)(2). To do so, Federal Rule of Criminal Procedure 32.1(c), concerning modification of the terms of supervised release, requires that a hearing be held, unless, as one of three possible exceptions, "the relief sought is favorable to the person and does not extend the term of probation or of supervised release." Rule 32.1(c)(2)(B). That is the case here. Rule 32.1 does not contain any further requirements in this situation.

Petitioner argues that the discretionary terms of his supervised release are invalid because they were not outlined specifically at his sentencing hearing on July 2, 1993. He cites *United States v. Ortega-Brito*, 311 F.3d 1136 (9th Cir. 2002), for the proposition that lack of notice of supervised release invalidates its imposition. In fact, *Ortega-Brito* held that sufficient actual notice was given by the sentencing court in that action, based on the transcript from sentencing. *Id.* at 1139. Here, we only have the judgment and minute entry of the sentencing hearing. The minute entry states: "when released [defendant] placed on 5 [years] supervised release" (Dkt. No. 260). The judgment states: "Upon release from imprisonment, the defendant shall be on supervised release for a term of five years. While on supervised release, the defendant shall not commit another Federal, state, or local crime . . ." (Dkt. No. 261). Petitioner argues that notice of the discretionary terms of supervised release "must be made prior to sentencing" (Br. 3). Plaintiff cites no authority that would have bound the court to give notice of all details of supervised release 17 years ago at the sentencing hearing.

A court *may* modify the conditions of supervised release. 18 U.S.C. 3583(e)(2). The petitioner has provided no authority that would cause the Court to do so. Petitioner's request to modify the terms of his supervised release is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2