IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLAF PETER JUDA,<br><br>Defendant.<br>_____ / | No. CR 91-0324 WHA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS GOVERNMENT'S APPLICATION TO REVOKE SUPERVISED RELEASE** |

## INTRODUCTION

Defendant Olaf Peter Juda has repeatedly challenged this Court's jurisdiction in his case — via pre-trial motion, appeal, collateral attack, and now subsequent to his incarceration, via an attack to the terms of his supervised release. For the reasons stated below, defendant's motion is **DENIED**.

## STATEMENT

Defendant was sentenced in 1993 to 262 months imprisonment, followed by five years of supervised release. The underlying facts of this case have been set forth many times in prior orders and by our court of appeals. *United States v. Juda*, 46 F.3d 961, 964–65 (9th Cir. 1995). The court of appeals discussed and rejected defendant's challenge to this Court's jurisdiction over his case. Defendant's many collateral attacks were unsuccessful (*see, e.g.*, Dkt. No. 623). He was released from custody in August 2010.

In October 2010, a Form 12 was filed by the Probation Office, due to defendant's stated refusal to comply with the terms of supervised release. Attorney Steven Gruel was appointed to represent defendant. Several hearings were held. Defense counsel first attempted to get permission for defendant to go live in Mexico to assertedly work on a land development project. That goal was subsequently abandoned. Then defense counsel stated an intention to file a motion to terminate

supervision, so a briefing schedule was set. Defense counsel did not file a motion by the deadline. Defendant himself then filed the instant motion, as well as, later, a reply in support. Defense counsel has not submitted briefing on this motion. A hearing was held on April 26.

**ANALYSIS**

Defendant's motion is not a motion to terminate supervision. Rather, it is a reassertion of defendant's long-held position that this Court lacks jurisdiction over this case, and thus that it has no authority to impose supervised release conditions on him or hold a supervised release revocation hearing. Defendant's successive motions on this issue have been repeatedly rejected and will be rejected again here.

This Court's jurisdiction over the defendant's case was settled by our court of appeals in *United States v. Juda*, 46 F.3d 961, 965–67 (9th Cir. 1995). Defendant now argues, however, that thus far he has only raised — and therefore the court of appeals only addressed — challenges to statutory jurisdiction and due process, whereas now he is asserting a purportedly distinct Article III challenge. As clarified at the hearing on this motion, the thrust of this argument is that Congress assertedly violated Article III of the Constitution by enacting the Maritime Drug Law Enforcement Act, because Article III requires a nexus element, and although Congress thought a specific nexus requirement was not necessary because drug smuggling has been made a universal offense, that is a faulty premise and as such the MDLEA violates Article III and should be found unconstitutional. Or so the argument goes.

This argument fails for two reasons. *First*, it is untimely. Defendant should have raised this argument along with those raised in his original appeal. He provides no reason for this omission. Moreover, defendant assumes his right to bring a motion to dismiss at this stage, when he has already brought many collateral attacks to his conviction and he has not sought certification to file this successive collateral attack. *See* 28 U.S.C. 2255(h).

*Second*, defendant's argument lacks merit. Defendant relies on principles from civil cases concerning the case-or-controversy requirement, such as have been set forth in *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Into this, defendant shoehorns his nexus arguments that were previously made in the context of his

2

purportedly different challenges before the court of appeals. In other words, he tries to cloak his old arguments in new Article III clothes. They do not fit within Article III analysis, however, and they were properly rejected in the context of analysis of statutory jurisdiction and due process by the court of appeals during defendant's appeal. *See also United States v. Perlaza*, 439 F.3d 1149, 1160, 1162 (9th Cir. 2006) (reaffirming the constitutionality of the MDLEA and citing *Juda* with approval).

Section 3583 of Title 18 of the United States Code states that district courts "may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute." 18 U.S.C. 3583(a). Such courts may also "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. 3583(e)(3); *see also United States v. Huerta-Pimental*, 445 F.3d 1220, 1224–25 (9th Cir. 1996) (rejecting constitutional challenge to 18 U.S.C. 3583(e)(3)).

There is no question that defendant was put on notice that his sentence included a five-year term of supervised release (Dkt. Nos. 260–61 and 662 Exh. A at 24). The judgment states: "Upon release from imprisonment, the defendant shall be on supervised release for a term of five years. While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court . . ." (Dkt. No. 261). Section 5D1.3 of the U.S. Sentencing Guidelines Manual sets forth the standard conditions of supervised release. Defendant does not challenge this Court's authority to conduct a revocation hearing based on a lack of sufficient notice regarding the conditions of supervised release. This order holds that jurisdiction exists to impose supervised release conditions, hold a supervised release revocation hearing, and revoke supervision, if necessary.

3

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is **DENIED**.  The parties shall appear on May 10 for resolution of the pending Form 12.

**IT IS SO ORDERED.**

Dated: April 27, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4