IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>OLAF PETER JUDA,<br><br>    Defendant.<br>                                         / | No. CR 91-00324 WHA<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

       Defendant Olaf Peter Juda moves for reconsideration of the order dated October 31 (Dkt. No. 730). The October 31 order had declined defendant's fourth request to terminate supervised release early, but stated that if he continues to perform satisfactorily and in accordance with the conditions of supervised release, defendant may file a renewed motion for early termination on or after April 1, 2014 (Dkt. No. 728). Defendant has not submitted any motion for leave to file his motion for reconsideration, as required under Civil Local Rule 7-9(a) through Criminal Local Rule 2-1.

       Even if this order were to construe defendant's motion for reconsideration as one for leave to file such a motion, defendant has not demonstrated a valid basis for reconsideration. Under Rule 7-9(b), reconsideration is warranted when (1) a material difference in fact or law exists from what was previously presented and the party applying for reconsideration did not know of the difference of fact or law despite reasonable diligence; (2) since the original order, new material facts or law have emerged; or (3) there was a manifest failure by the district court to consider material facts or dispositive legal arguments which were presented to it. Here, defendant asserts several arguments as to his *third* request for termination of supervised release,

but does not explain how these arguments warrant reconsideration of his *fourth* request for termination of supervised release.

*First*, defendant asserts that San Francisco Probation Officer Bobby Love stipulated to termination of supervision six months ago, and has since reneged on that stipulation. Defendant also asserts that Officer Love made a statement about defendant being too litigious, in objecting to his third request for termination of supervised release. Neither assertion is true. The record only shows that the government — and not Officer Love — made such a stipulation and statement (Dkt. No. 712).

*Second*, defendant argues that Officer Love has no valid basis for his response to terminating supervised release because he has no connection to or jurisdiction over defendant. While it is true that defendant is under supervision in San Diego now, Officer Love did supervise him previously and therefore has a basis on which to respond to terminating supervised release, as requested by the undersigned judge.

*Third*, defendant contends that Officer Love's reference to "exceptional" circumstances has no basis in law. Not true. There are decisions which support Officer Love's reference. *See, e.g.*, *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *and United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Accordingly, defendant has not shown a proper basis for reconsideration under Rule 7-9(b), and his motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE